UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AHMED J. AWAN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-0534 (RBK) (JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN R. HOLLINGSWORTH, et al., | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION & BACKGROUND

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On April 4, 2014, the Court administratively terminated this case as plaintiff had not paid the filing fee nor submitted a complete application to proceed *in forma pauperis*.  Plaintiff's application to proceed *in forma pauperis* was incomplete as his prisoner account statement that accompanied his application had not been certified by the appropriate prison official.  Plaintiff was given thirty days in which to submit a complete application to proceed *in forma pauperis* or pay the filing fee.  Presently pending before the Court is plaintiff's motion for reconsideration of the Court's decision to administratively terminate this case.  (*See* Dkt. No. 8.)  In light of this motion for reconsideration, the Clerk will be ordered to reopen this case.  For the following reasons, the motion for reconsideration will be denied and the Clerk will be ordered to administratively terminate this case once again.

## II. LEGAL STANDARD FOR RECONSIDERATION

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## III. ANALYSIS

Plaintiff's motion for reconsideration will be denied. As the Court noted in its April 4, 2014 Memorandum Order, plaintiff's application to proceed *in forma pauperis* is incomplete. While it included a copy of his prisoner account statement, the account statement had not been certified by the appropriate prison official. Therefore, pursuant to Local Rule 81.2(b), the application was incomplete. In that prior Memorandum Order, the Court gave plaintiff the opportunity to reopen his case by either paying the filing fee or submit a complete application to proceed *in forma pauperis*. However, instead of seeking to reopen this action by filing a complete *in forma pauperis* application, plaintiff has instead chosen to file this pending motion for reconsideration as well as appeal the Court's administrative termination of this case to the

United States Court of Appeals for the Third Circuit.  Plaintiff has failed to meet his burden for the Court to grant his motion for reconsideration.  The Court properly administratively terminated this case as plaintiff's application to proceed *in forma pauperis* was incomplete.  Nevertheless, the Court will give plaintiff an additional thirty days from the date of this Opinion and accompanying Order to either pay the filing fee or submit a complete application to proceed *in forma pauperis*.

### IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.  An appropriate order will be entered.


DATED:  September 8, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge